# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 10-756V
Filed: April 11, 2013

**************************************      NOT TO BE PUBLISHED

SARAH QUIGLEY,     *

    *     **Special Master Zane**

    *

    *     Stipulation; attorneys' fees and costs

         Petitioner,     *

    *

v.     *

    *

SECRETARY OF HEALTH     *

AND HUMAN SERVICES,     *

    *

         Respondent.     *

    *

**************************************

*Ronald Craig Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner;
*Michael Patrick Milmoe*, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 10, 2013, the parties in the above-captioned case filed a Stipulation of Fact Concerning Attorneys' Fees and Costs (Stipulation) memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. Petitioner requests a total award of $27,500.00, to which Respondent does not object. Petitioner's counsel represents that Petitioner

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information the disclosure of which would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b). In the absence of a motion or should the Special Master disagree with the proposed redactions, the decision shall be disclosed in its entirety.

has incurred personal litigation costs in the amount of $671.95. In accordance with 42 U.S.C. § 300aa-15(e), the undersigned awards the amount to which Respondent does not object.

Petitioner, Sarah Quigley, alleged that she suffered from transverse myelitis ("TM"), which was caused-in-fact by her receipt of an influenza ("flu") vaccine she received on November 8, 2007, which vaccine is contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a). Petitioner also alleged that she experienced the residual effects of this injury for more than six months and that she has not otherwise received compensation for such injuries. A decision awarding compensation based upon the parties' stipulation was entered on October 15, 2012.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made. Because Petitioner has been awarded compensation, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned also finds that the stipulated amount of $26,828.05, in attorneys' fees and costs plus $671.95 in Petitioner's personal litigation costs, is reasonable based on the stage at which this matter was settled. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioner is awarded attorneys' fees and costs as follows:

> **in a check made payable to Sarah Quigley, Petitioner, the amount of $671.95; and**
>
> **in a check made payable jointly to Sarah Quigley, Petitioner, and Petitioner's counsel (Ronald Craig Homer, of the law firm Homer & Chin-Caplan, P.C.), the amount of $26,828.05 (fees in the amount of $18,859.46 and costs in the amount of $7,968.59).**

The court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

> **IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.